# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 5, 2011

Lyle W. Cayce
Clerk

No. 10-50953
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SAMUEL CLIFFORD PERRY, III,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:09-CR-268-1

Before HIGGINBOTHAM, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Samuel Clifford Perry III pleaded guilty to distribution of crack cocaine (counts one through three), possession with intent to distribute at least five grams of crack cocaine (count four), and possession of a firearm during the commission of a drug-trafficking crime (count five) and was sentenced to concurrent terms of imprisonment on counts one through four of 135 months, a consecutive term of imprisonment of 60 months on count five, and a total five-year term of supervised release. Perry reserved the right to appeal the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court's denial of his motion to suppress evidence seized from his residence pursuant to a warrant.  Perry argues that the good faith exception to the exclusionary rule does not apply because Sargent Salazar's February 5, 2009, search warrant affidavit is a "bare bones" affidavit, which failed to establish a nexus between the residence to be searched and the evidence sought.

When a search has been conducted in accordance with a warrant, we use a two part test to review the district court's denial of a motion to suppress. *United States v. Froman*, 355 F.3d 882, 888 (5th Cir. 2004).  The first step involves examining whether the good-faith exception to the exclusionary rule applies. *Id.*; *United States v. Leon*, 468 U.S. 897, 919-20 (1984).  If the good-faith exception applies, this court's inquiry ends, and the district court's judgment will be affirmed. *Froman*, 355 F.3d at 888.  Only if the exception does not apply does this court address the issue of probable cause.  *Id.*  This court reviews de novo whether the exception applies.  *United States v. Cherna*, 184 F.3d 403, 406-07 (5th Cir. 1999).

The good-faith exception provides that evidence obtained by law enforcement officials acting in "objectively reasonable good-faith reliance upon a search warrant is admissible" even if the affidavit on which the warrant was grounded was insufficient to establish probable cause. *United States v. Shugart*, 117 F.3d 838, 843 (5th Cir. 1997) (internal quotation marks and citation omitted).  An officer's reliance on a warrant is not objectively reasonable and, therefore, he is not entitled to invoke the good faith exception if, among other things, the affidavit upon which the warrant is founded is "so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable" and is thus a "bare bones" affidavit. *United States v. Mays*, 466 F.3d 335, 343 (5th Cir. 2006) (internal quotation marks and citation omitted); *United States v. Pope*, 467 F.3d 912, 916-17 (5th Cir. 2006).  A "bare bones" affidavit contains "wholly conclusory statements, which lack the facts and

circumstances from which a magistrate can independently determine probable cause." *United States v. Satterwhite*, 980 F.2d 317, 321 (5th Cir. 1992).

Although we have held that "facts must exist in the affidavit which establish a nexus between the house to be searched and the evidence sought," this nexus may be established through direct observation or normal inferences. *United States v. Freeman*, 685 F.2d 942, 949 (5th Cir. 1982). Sargent Salazar's knowledge of the habits of drug dealers, when considered in tandem with the facts that Perry had sold drugs in three controlled buys and had been arrested earlier that day, after leaving the residence in a vehicle found to contain crack cocaine, logically supports an inference that the items sought would be found at the residence. *See id.* The affidavit contains facts and circumstances from which a probable cause determination can be made and is not "bare bones." *See Satterwhite*, 980 F.2d at 320-21. The district court did not err in concluding that the good-faith exception to the exclusionary rule applied. *See Shugart*, 117 F.3d at 844. It is therefore unnecessary to consider Perry's argument on the issue whether the affidavit in support of the warrant presented sufficient evidence to establish probable cause. *See Cherna*, 184 F.3d at 407.

As the Government asserts, because Perry cites no relevant law in support of his fruit-of-the-poisonous tree argument with respect to the February 9, 2009, affidavit, Perry has waived the issue. *See* FED. R. APP. P. 28(a)(9)(A); *United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009).

AFFIRMED.